IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, ex rel. Frank Coyle & RANDY BRUCE, </br></br>    Plaintiffs, </br></br>v. </br></br>RUSSELL COUNTY COMMUNITY HOSPITAL, LLC, d/b/a JACK HUGHSTON MEMORIAL HOSPITAL, </br></br>    Defendant. | )</br>)</br>)</br>)</br>)</br>)  Civil Action No.  3:13-cv-688-WHA</br>)</br>)  (wo)</br>)</br>)</br>)</br>) |

MEMORANDUM OPINION AND ORDER

This cause is before the court on a Motion to Dismiss and to Seal Relators' Identities (Doc. #27).

With the support and consent of the United States, the Relators have moved to dismiss this case without prejudice. The Relators further move that their identities remain sealed upon dismissal because they are still working in the healthcare industry and revelation of their identities would cause substantial harm to their careers. They contend that the case also should be kept under seal because there is no compelling government interest in revealing their identities. The United States opposes the motion to seal.

The Government's position is that although the False Claims Act requires that relators initially file *qui tam* complaints under seal, the seal is for the limited purpose of protecting the Government's investigative process, so that once the Government has determined whether to intervene, the case should be unsealed. *See, e.g., U.S. ex rel. Pilon v. Martin Marietta Corp*., 60 F.3d 995, 998 -999 (2d Cir. 1995) (quoting from S.Rep. No. 345, 99th Cong., 2d Sess. 23–24, reprinted in 1986 U.S.C.C.A.N. 5266, 5289, and stating that "the sixty-day sealing period, in

conjunction with the requirement that the [G]overnment, but not the defendants, be served, was 'intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action.'"). The Government asks that the Complaint and any Order dismissing this case be unsealed. Although given an opportunity to do so, the Relators have not replied to the arguments made or the cases cited by the Government.

The public enjoys the right of access to judicial documents. *See Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597 (1978). The common law right of access may be overcome by a showing of good cause, which requires balancing the right of access against the interest of a party in keeping the information confidential. *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1246 (11th Cir. 2007). In conducting this balancing, courts consider factors such as whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if the information is made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Id.*

In this case, the Relators have stated that their employment interests would be harmed if their identities were revealed, citing a report by an Ethics Resource Center. This court agrees with other courts which have concluded that the "mere possibility, or even plausibility, of some form of economic harm is inadequate to depart from the rule favoring public access, particularly in the absence of any concerns involving national security, trade secrets, or personal safety." *U.S. ex rel. Eberhard v. Angiodynamics, Inc.*, No. 3:11cv556, 2013 WL 2155327, at *3 (E.D.

Tenn. May 17, 2013); *see also U.S. ex. rel. Grover v. Related Companies, LP*, 4 F. Supp. 3d 21, 27 (D.D.C. 2013).  Considering all of the relevant factors, this court concludes that the interest of the Relators in keeping information confidential has not been shown to outweigh the public's interest in access to court documents.  Therefore, it is hereby

    ORDERED as follows:

1. The Relators' Motion to Dismiss (Doc. #27) is GRANTED and this case is DISMISSED without prejudice.

2. The Motion to Seal Relators' Identities (Doc. #27) is DENIED.  The Clerk is directed to unseal the Complaint in this case. All other contents of the court's file in this action remain under seal except this Memorandum Opinion and Order and shall not be made public.  The seal is lifted as to all other matters occurring in this action after the date of this Memorandum Opinion and Order.

3. Costs are taxed as paid.

Done this 26th day of January, 2015.

    /s/ W. Harold Albritton
    W. HAROLD ALBRITTON
    SENIOR UNITED STATES DISTRICT JUDGE